1  Peter C. McKittrick, OSB #852816
   PMcKittrick@fwwlaw.com
2  Christopher L. Parnell, OSB #054352
   CParnell@fwwlaw.com
3  Farleigh Wada Witt
   121 SW Morrison Street, Suite 600
4  Portland, Oregon 97204-3136
   Telephone: (503) 228-6044
5
        Attorneys for Conrad Myers, Chapter 11 Trustee
6

7

8

9                IN THE UNITED STATES BANKRUPTCY COURT

10               FOR THE DISTRICT OF OREGON

11  In re                              Case No. 08-34585-rld11

12  The Marshall Group, LLC,           TRUSTEE'S PLAN OF REORGANIZATION

13                      Debtor.

14

15

16

17

18

19

20

21

22

23

24

25

26

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1

**TABLE OF CONTENTS**

2

ARTICLE I..................................................................................................................1
3 DEFINITIONS.............................................................................................................1
    1.1    Scope of Definitions; References to Plan; Rules of Construction ........................1
4    1.2    Definitions ................................................................................................1
ARTICLE II.................................................................................................................8
5 TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND PRIORITY CLAIMS........8
    2.1    Administrative Expense Claims ............................................................................8
6        2.1.1  Non-Professional Fee Claims ...................................................................8
        2.1.2  Professional Fee Claims .........................................................................8
7        2.1.3  Bar Date for Administrative Expense Claims ..............................................8
    2.2    Priority Tax Claims ................................................................................................9
8 ARTICLE III ...............................................................................................................9
CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ...........................9
9    3.1    Classification and Treatment ...............................................................................9
    3.2    Class 1 – Allowed Secured Claim of IRS ...........................................................10
10    3.3    Class 2 – Allowed Secured Claim of Keeton-King ..............................................10
    3.4    Class 3 – Allowed Secured Claim of Summit Leasing........................................10
11    3.5    Class 4 – General Unsecured Claims .................................................................11
    3.6    Class 5 – Allowed Convenience Claims .............................................................11
12    3.7    Class 6 – Interest Holders ..................................................................................12
    3.8    Impairment of Classes.........................................................................................13
13        3.8.1  Unimpaired Classes ..............................................................................13
        3.8.2  Impaired Classes ...................................................................................13
14        3.8.3  Confirmation Notwithstanding Rejection by a Class ...............................13
ARTICLE IV..............................................................................................................13
15 TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ....................13
    4.1    Assumption ..........................................................................................................13
16    4.2    Rejection ..............................................................................................................13
ARTICLE V...............................................................................................................14
17 MEANS FOR IMPLEMENTATION OF THE PLAN .........................................................14
    5.1    Post-Confirmation Operations ............................................................................14
18    5.2    Liquidating Trust ..................................................................................................14
        5.2.1  Transfer of Estate Assets to Debtor........................................................14
19        5.2.2  Issuance of Membership Interests to the Liquidating Trust ......................14
    5.3    Management of Reorganized Debtor ...................................................................14
20        5.3.1  Manager .................................................................................................14
        5.3.2  Advisory Committee ...............................................................................15
21        5.3.3  Liquidating Trustee Powers and Duties...................................................15
        5.3.4  Liquidating Trustee Engagement ............................................................15
22        5.3.5  Membership Interests .............................................................................16
    5.4    Leases ..................................................................................................................16
23        5.4.1  McMinnville Property ..............................................................................16
        5.4.2  Redmond Property ..................................................................................16
24    5.5    Sale of Business ..................................................................................................16
    5.6    General Account ..................................................................................................16
25    5.7    Retention of Avoidance Claims ...........................................................................17
    5.8    Fees Payable Under 28 U.S.C. § 1930................................................................17
26    5.9    Continuation of Retiree Benefits .........................................................................17

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

| | 5.10 | Compliance with this Plan | 17 |
|---|---|---|---|
| | ARTICLE VI | | 18 |
| | DISTRIBUTION PROCEDURES | | 18 |
| | 6.1 | Continued Expenses | 18 |
| | 6.2 | Subsequent Distributions | 18 |
| | 6.3 | Form of Payments | 18 |
| | 6.4 | Delivery of Distributions | 18 |
| | 6.5 | Time Bar to Cash Payments | 18 |
| | 6.6 | Minimum Distribution | 19 |
| | 6.7 | Post-Petition Interest | 19 |
| | 6.8 | Disputed, Contingent and Unliquidated Claims | 19 |
| | 6.9 | Post-Confirmation Date Fees and Expenses of Professional Persons | 20 |
| | ARTICLE VII | | 20 |
| | EFFECT OF PLAN CONFIRMATION | | 20 |
| | 7.1 | Injunction | 20 |
| | 7.2 | Binding Effect | 21 |
| | ARTICLE VIII | | 21 |
| | DEFAULT | | 21 |
| | 8.1 | Default | 21 |
| | ARTICLE IX | | 22 |
| | RETENTION OF JURISDICTION | | 22 |
| | 9.1 | Jurisdiction | 22 |
| | ARTICLE X | | 22 |
| | MISCELLANEOUS | | 22 |
| | 10.1 | Headings | 22 |
| | 10.2 | Notices | 22 |
| | 10.3 | Reservation of Rights | 23 |
| | 10.4 | Computation of Time Periods | 23 |
| | 10.5 | Creditor's Change of Address | 23 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    Conrad Myers, Chapter 11 Trustee ("Trustee") for The Marshall Group, LLC

2  ("Debtor") proposes the following plan of reorganization ("Plan") pursuant to Chapter 11 of the

3  Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*

4                                          **ARTICLE I**

5                                         **DEFINITIONS**

6        1.1    <u>Scope of Definitions; References to Plan; Rules of Construction</u>.

7        For purposes of this Plan, except as expressly otherwise provided or unless the

8  context otherwise requires, all capitalized terms not otherwise defined shall have the meanings

9  assigned to them in this Article I.  Whenever the context requires, such terms shall include the

10  plural number as well as the singular and the female gender as well as the male.  All references

11  in this Plan to an "***Article***," "***Section***" or "***Exhibit***" shall, unless otherwise indicated, be deemed

12  to refer to the indicated Article or Section or Exhibit to this Plan.   Terms defined in the

13  Bankruptcy Code and not otherwise defined in this Plan shall have the meanings given to them in

14  the Bankruptcy Code. The rules of construction contained in Section 102 of the Bankruptcy

15  Code shall apply to the construction of this Plan.  The headings in this Plan are for convenience

16  of reference only and shall not limit or otherwise affect the provisions of this Plan.

17        1.2    <u>Definitions</u>.

18        "***Administrative Bar Date***" means and refers to the deadline, 60 days after the

19  Effective Date, established in Section 2.1.3 for the filing of (i) applications for compensation or

20  expense reimbursement by Professional Persons or other Persons claiming to have made a

21  substantial contribution to the Case pursuant to section 503(b) of the Code and (ii) Claims for

22  any other Administrative Expenses (other than for Claims of Administrative Expenses incurred

23  in the ordinary course of business and Claims under 28 U.S.C. § 1930).

24        "***Administrative Expense***" means and refers to a Claim for payment of an

25  administrative expense of the kind specified in section 503(b) of the Code and referred to in

26  section 507(a)(1) of the Code, including, without limitation, the actual, necessary costs and

Page 1 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    expenses of preserving the Debtor's estate and operating the Debtor's business, including wages,

2    salaries, and commissions for services rendered after the commencement of the Case,

3    compensation for legal and other services and reimbursement of expenses awarded under section

4    330(a) of the Code in respect of the Debtor's Case, and all fees and charges assessed against the

5    Debtor's estate under chapter 123 of Title 28 of the United States Code; provided, however, that

6    Administrative Expense shall not include any interest earned on a Secured Claim during the

7    period from the Petition Date through the Effective Date.

8    "*Advisory Committee*" means the advisory committee for Reorganized Debtor

9    consisting of the three largest unsecured creditors or their designee who choose to serve.

10    "*Allowed Claim*" means and refers to the amount of a Claim with respect to which

11    (I)(A) no proof of claim has been filed that is listed by the Debtor in the Schedules as not being

12    disputed, contingent, or unliquidated, (B) if a proof of claim has been filed (i) the amount of the

13    Claim as set forth on the proof of claim if no objection has been interposed within any period of

14    limitation fixed by the Code or the rules or orders of the Court, or (ii) if an objection has been

15    interposed, (x) the amount determined by a Final Order with respect to such Claim or (y) the

16    amount set forth in this Plan as the allowed amount of such Claim or (C) a Final Order allowing

17    such Claim in such amount has been entered, and (II) the obligation to make payment on such

18    Claim has not been assumed by a third party.

19    "*Allowed [_____] Claim*" means a Claim of the indicated Class or type that

20    is or has become an Allowed Claim.

21    "*Assumed Administrative Expenses*" means and refers to all Administrative

22    Expense Claims that are not paid within ten (10) days of the Effective Date, regardless of when

23    the same may be Allowed.

24    "*Assumed Priority Claims*" means and refers to all Priority Claims that are not

25    paid as a part of the Priority Creditors Distribution, regardless of when the same may be

26    Allowed.

Page 2 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    "*Business Day*" means and refers to any day except Saturday, Sunday, and any
2    other day on which commercial banks in Portland, Oregon are authorized by law to close.

3    "*Buyer*" means the third party purchaser of Debtor's business.

4    "*Case*" means the Debtor's case under Chapter 11 pending in the Court.

5    "*Cash*" means cash, cash equivalents and other readily marketable direct
6    obligations of the United States of America.

7    "*Chapter 7*" means and refers to chapter 7 of the Code.

8    "*Chapter 11*" means and refers to chapter 11 of the Code.

9    "*Claim*" means and refers to any claim as defined in section 101(5) of the Code,
10   whether or not asserted, against the Debtor.

11   "*Claimant*" means and refers to the holder of a Claim.

12   "*Class*" means and refers to a class of Claims or Interests described in Article III.
13   Within certain Classes, certain Claims are classified into sub-classes.

14   "*Clinics*" means the McMinnville Clinic and the Redmond Clinic.

15   "*Code*" means and refers to Title I of the Bankruptcy Reform Act of 1978, Public
16   Law 95 598, codified in Title 11 of the United States Code, as amended, 11 U.S.C. §§ 101 *et seq.*

17   "*Collateral*" means, with respect to any Allowed Secured Claim, the property
18   that secures such claim.

19   "*Committee*" means and refers to the Official Committee of Unsecured Creditors
20   appointed by the U.S. Trustee in the Case, as constituted from time to time.

21   "*Confirmation Date*" means and refers to the date of entry of the Confirmation
22   Order.

23   "*Confirmation Hearing*" means and refers to the hearing at which the Court is
24   asked to enter the Confirmation Order, as the same may be continued from time to time.

25   "*Confirmation Order*" means the Court order confirming the Plan pursuant to
26   Section 1129 of the Bankruptcy Code.

Page 3 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1         "***Convenience Claim***" means and refers to (i) any Allowed Unsecured Claim in an

2   amount equal to or less than $100.00 and (ii) any Allowed Unsecured Claim in an amount in

3   excess of $100.00, the holder of which elects to reduce its Claim to $100.00 prior to the Voting

4   Deadline by completing the appropriate space on its ballot to accept or reject this Plan.

5         "***Court***" means and refers to the United States Bankruptcy Court for the District

6   of Oregon and any court having competent jurisdiction to hear appeals or certiorari proceedings

7   therefrom, or any successor thereto that may be established by any act of Congress, or otherwise,

8   and which has competent jurisdiction over the Case or this Plan.

9         "***Debtor***" means and refers to The Marshall Group, LLC, whether as Debtor or as

10   Debtor-in-Possession.

11         "***Disallowed Claim***" means and refers to any Claim or portion thereof that has

12   been disallowed pursuant to a Final Order.

13         "***Disclosure Statement***" means and refers to the Trustee's Disclosure Statement

14   for Plan of Reorganization (including all exhibits and schedules thereto), together with any

15   modifications which may be made from time to time.

16         "***Disputed Claim***" means and refers to any Claim against the Debtor that is not an

17   Allowed Claim or a Disallowed Claim.

18         "***Distribution Record Date***" means and refers to the close of business on the

19   Effective Date.

20         "***Effective Date***" means the day 11 days after the Confirmation Date, provided no

21   order has been entered staying, vacating or reversing the Confirmation Order.

22         "***Estate***" means the estate of the Debtor created by Section 541 of the Bankruptcy

23   Code.

24         "***Farleigh***" means Farleigh Wada Witt.

25         "***Final Order***" means an order or judgment of the Court that has not been

26   reversed, stayed, modified or amended and as to which the time to appeal or seek review,

Page 4 – TRUSTEE'S PLAN OF REORGANIZATION

***FARLEIGH WADA WITT***
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  rehearing, reargument or certiorari has expired and as to which no appeal or petition for review,

2  rehearing, reargument, stay or certiorari is pending, or as to which any right to appeal or to seek

3  certiorari, review or rehearing has been waived, or if an appeal, reargument, petition for review

4  or certiorari or rehearing has been sought, the order or judgment of the Court has been affirmed

5  by the highest court to which the order was appealed or from which the reargument, review or

6  rehearing was sought, or certiorari has been denied, and as to which the time to take any further

7  appeal, or seek further reargument, review or certiorari or rehearing has expired.

8      "*Free Cash Flow*" means Reorganized Debtor's surplus working capital such that

9  the operating account contains not less than $60,000.00 or such greater sum as is reasonably

10  necessary in the Liquidating Trustee's discretion for protection against disruption of Reorganized

11  Debtor's operations.

12      "*Impaired Claims*" means and refers collectively to Claims in Classes 1 through

13  6.

14      "*Interest Holder*" means any Person holding an Interest.

15      "*Interests*" mean all equity interests in the Debtor (including common and

16  preferred stock, membership interests, options to purchase such stock or interests or any unpaid

17  dividends or distributions thereon).

18      "*IRS*" means the Internal Revenue Service.

19      "*Keeton-King*" means Keeton-King Construction, Inc., Arland Keeton, and Jean

20  Keeton.

21      "*Leased Equipment*" means certain medical equipment leased from Summit

22  Leasing, Inc. pursuant to two expired commercial leases wherein Debtor was lessee.

23      "*Liquidating Trust*" means the liquidating trust created on the Effective Date.

24      "*Liquidating Trustee*" means the trustee of the Liquidating Trust.

25      "*Manager*" means Performance Improvement Resources, and any successor

26  manager of Reorganized Debtor from time to time.

Page 5 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1        "*Marshalls*" means Mark and Cathy Jo Marshall.

2        "*McMinnville Property*" means that certain real property owned by the Debtor

3 located in McMinnville, Oregon at which the urgent care clinic is operated.

4        "*McMinnville Clinic*" refers to the urgent care clinic owned and operated by the

5 Debtor in McMinnville, Oregon.

6        "*Medicare Receivables*" means receivables that Debtor was owed by the Federal

7 Government (primarily Medicare) as of the Petition Date.

8        "*Myers*" means Conrad Myers.

9        "*Net Funds*" means Sale Proceeds less costs and expenses of Sale of Business.

10        "*ODR*" means the Oregon Department of Revenue.

11        "*Operating Period*" means the time period following the Effective Date and prior

12 to the Sale of Business.

13        "*Perkins*" means Perkins Coie LLP.

14        "*Person*" means an individual, corporation, partnership, limited liability

15 company, joint venture, association, joint stock company, trust, estate, unincorporated

16 organization, government (or agency or political subdivision thereof) or other entity.

17        "*Petition Date*" means September 4, 2008.

18        "*Plan*" means this plan of reorganization and all exhibits hereto, which are

19 incorporated by reference, together with any modifications which may be made from time to

20 time in accordance with 11 U.S.C. §1127.

21        "*Priority Claim*" means a claim having priority as defined in 11 U.S.C. § 507,

22 other than a Claim entitled to priority pursuant to section 507(a)(1), 507(a)(2) or 507(a)(8) of the

23 Code.

24        "*Priority Tax Claim*" means an unsecured Claim of a governmental unit entitled

25 to priority under section 507(a)(8) of the Code. Priority Tax Claims shall include only such

26 Claims for penalties that are related to a Claim specified in section 507(a)(8) of the Code and

Page 6 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    that seek compensation for actual pecuniary loss.

2          "*Professional Persons*" means and refers to all attorneys, accountants, financial

3    advisors, investment bankers, appraisers, consultants, and other professionals retained or to be

4    compensated pursuant to an order of the Court entered under section 327, 328, 330, 331, 503(b)

5    or 1103 of the Code.

6          "*Pro Rata*" means and refers to a proportionate distribution, or to the ratio of the

7    amount of proceeds on account of a particular Allowed Claim to the total amount of all Allowed

8    Claims of the Class in which the particular Claim is included.

9          "*Reorganized Debtor*" means the Debtor after the Confirmation Date.

10         "*Redmond Clinic*" means the urgent care clinic owned and operated by the

11   Debtor in Redmond, Oregon.

12         "*Sale of Business*" means the closing date(s) of the sale of Debtor's Clinics.

13         "*Sale Proceeds*" means the Net Funds received upon Sale of Business.

14         "*Scharff*" means Gary Scharff.

15         "*Schedules*" means and refers to the Statements of Liabilities filed with the Court

16   in the Case, as amended from time to time in accordance with Rule 1009 of the Federal Rules of

17   Bankruptcy Procedure.

18         "*Secured Claim*" means and refers to a Claim, to the extent such Claim is secured

19   by a valid lien, security interest, or other interest in property in which the Debtor has an interest,

20   that has been perfected properly as required by applicable law and is not otherwise avoidable by

21   the Debtor as Debtor-in-Possession, but only to the extent of the value of the Debtor's interests in

22   such property, determined in accordance with section 506(a) of the Code.

23         "*Summit Leasing*" means Summit Leasing, Inc.

24         "*Trustee*" means and refers to Conrad Myers, in his capacity as trustee of Debtor

25   in this Case, and any successor trustee of the Debtor from time to time.

26         "*Unsecured Claim*" means a Claim other than a Claim for payment of an

Page 7 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1 Administrative Expense, a Priority Claim, a Priority Tax Claim, a Secured Claim.

2       "*U.S. Trustee*" means and refers to the United States Trustee for the District of

3 Oregon.

**ARTICLE II**

4

**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND PRIORITY CLAIMS**

5

6       2.1    <u>Administrative Expense Claims</u>.

7           2.1.1   <u>Non-Professional Fee Claims</u>.

8       Each Person holding an Allowed Claim entitled to administrative expense priority

9 under 11 U.S.C. § 507(a)(1) or (2) that arose in the ordinary course of Debtor's operations shall

10 be paid in accordance with their agreement with the Debtor.

11           2.1.2   <u>Professional Fee Claims</u>.

12       Trustee shall pay Allowed Administrative Expense Claims for Professional Fees

13 within six (6) months following the Effective Date, as follows:  (i) Trustee, Farleigh, and Perkins

14 shall receive the lesser of 50% of their Professional Fees on the Effective Date, or such amount

15 as can be paid such that sufficient cash exists in order to make all payments due under Plan on

16 the Effective Date plus retaining a sufficient working reserve, with the remaining balance of

17 such Professional Fees paid in six (6) monthly payments following the Effective Date; and (ii)

18 Scharff shall receive the unpaid balance of his Professional Fees in four (4) equal monthly

19 payments beginning on the third month following the Effective Date and ending on the sixth

20 month following the Effective Date.

21           2.1.3   <u>Bar Date for Administrative Expense Claims</u>.

22       All applications for final compensation of Professional Persons for services

23 rendered and reimbursement of expenses incurred on or before the Effective Date and all other

24 requests for payment of administrative costs and expenses incurred on or before the Effective

25 Date under section 507(a)(1) or 507(b) of the Code (except for Claims for Administrative

26 Expenses incurred in the ordinary course of business and Claims under 28 U.S.C. § 1930) shall

Page 8 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  be filed no later than 60 days after the Effective Date or shall forever be barred from recovery

2  against the Debtor, Reorganized Debtor, any property of the Debtor, or any distributions under

3  this Plan.

4          2.2    Priority Tax Claims.

5          Priority Tax Claims shall be paid in full to IRS and ODR over a period not to

6  exceed five (5) years after the Petition Date as provided in Section 1129(a)(9)(C) of the Code.

7  Once the Allowed Administrative Expense Claims are paid in full as set forth in Section 2.1.2,

8  the Priority Tax Claim amounts due shall be amortized over the period beginning with the

9  commencement date of payments as set forth below and ending September 8, 2013.   The

10  payment of such Priority Tax Claims, including simple interest at the applicable statutory rate,

11  shall be made in equal monthly payments (i) beginning in the first full month following the

12  payment in full of all Allowed Administrative Expense Claims as set forth in Section 2.1.2; and

13  (ii) ending no later than September 8, 2013.  IRS's Secured Tax Claim shall be treated as set

14  forth in Section 3.2.

15                          **ARTICLE III**

16          **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

17          3.1    Classification and Treatment.

18          All Claims (except those treated under Article 2 of this Plan) and Interests are

19  placed in the following classes for all purposes, including voting, confirmation and distribution

20  pursuant to this Plan. A Claim is classified in a particular Class only to the extent that the Claim

21  qualifies within the description of that Class and is classified in other Classes only to the extent

22  that any remainder of the Claim qualifies within the description of such other Classes.  A Claim

23  is in a particular Class only to the extent that the Claim is an Allowed Claim in that Class and has

24  not been paid or otherwise satisfied prior to the Effective Date.   The treatment of and

25  consideration to be received by Persons holding Allowed Claims pursuant to this Plan shall be in

26  full settlement, release, and discharge of their respective Allowed Claims unless otherwise

Page 9 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  specified herein.

2        3.2      Class 1 – Allowed Secured Claim of IRS.

3        Class 1 consists of the Allowed Secured Claim of IRS.  The IRS has an Allowed

4  Secured Claim arising from offset rights on the Medicare Receivables. The Trustee estimates the

5  amount of the IRS' Allowed Secured Claim will be approximately $32,000.00 on the Effective

6  Date.  IRS will receive $10,000.00 within 10 days of the Effective Date, and the balance shall be

7  paid in six equal monthly installments with interest at the statutory rate of interest commencing

8  on the 60th day after the Effective Date.

9        3.3      Class 2 – Allowed Secured Claim of Keeton-King.

10        Trustee anticipates that a motion to sell the McMinnville Property free and clear

11  of liens under Code Section 363(f) will be filed prior to the Confirmation Hearing seeking

12  approval to sell the McMinnville Property to Keeton King on a credit bid basis under Section

13  363(k).  If the sale is approved and the sale transaction is consummated then Keeton-King will

14  have no further Allowed Secured Claim.  If the sale has not been approved the confirmation of

15  the Plan shall constitute approval of the sale of the McMinnville Property to Keeton-King free

16  and clear of all monetary liens and encumbrances other than real estate taxes and any other lien

17  of superior priority to Keeton-King's lien on the McMinnville Property.  After transfer of the

18  McMinnville Property to Keeton-King, the Debtor or the Reorganized Debtor will enter into a

19  lease of the McMinnville Property on terms mutually acceptable to Keeton-King and the Trustee.

20        3.4      Class 3 – Allowed Secured Claim of Summit Leasing.

21        Class 3 consists of the Allowed Secured Claim of Summit Leasing in the total

22  amount of $37,000.00.  This claim arises from expired leases for the Leased Equipment.  Trustee

23  has been paying Summit Leasing monthly payments of $1,000.00 since July 2009; therefore, it is

24  estimated the unpaid amount of the Allowed Secured Claim will be $30,000.00 on the Effective

25  Date.  Trustee shall execute a promissory note and security agreement on behalf of the

26  Reorganized Debtor in favor of Summit Leasing in the amount of $30,000, and Summit Leasing

Page 10 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1   shall execute a bill of sale to the  Reorganized Debtor for the leased equipment. Summit will

2   receive payment on its Allowed Secured Claim as follows: (i) payment of $1,000.00 per month

3   until the Effective Date; and (ii) monthly payments of $1,500.00 following the Effective Date.

4   Such payments will be in full satisfaction of any administrative claim, but Summit shall have the

5   right to file an amended claim seeking payment of its remaining balance as a Class 4 creditor.

6           3.5     Class 4 – General Unsecured Claims.

7           Class 4 consists of all Allowed Unsecured Claims other than those set forth in

8   Class 5. Unsecured creditors will be paid from two sources:

9           (1) Payments From Free Cash Flow:  To the extent the Clinics generate Free Cash

10  Flow during the Operating Period, the Reorganized Debtor shall make disbursements to the Class

11  4 creditors on a periodic basis, but not more often than every 3 months. No such payments shall

12  be made until all Administrative Claims are paid in full and Priority Tax Claimants have

13  received at least three (3) monthly payments on account of their Allowed Priority Tax Claims as

14  set forth in Section 2.2; and

15          (2) Net Proceeds from Sale of Business:  After the Allowed IRS Secured Claim,

16  Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Summit

17  Leasing Secured Claim and Costs of Sale have been paid in full, the remaining Net Proceeds

18  from the Sale of Business shall be paid to holders of Allowed Unsecured Claims on a Pro Rata

19  basis.

20          3.6     Class 5 – Allowed Convenience Claims.

21          Class 5 consists of all Allowed Convenience Claims.  On or before 30 days from

22  the Effective Date, Trustee shall send a letter to potential claimants listed in (a) Debtor's

23  Schedule F who are owed $100.00 or less, or (b) in Debtor's Account Receivable Records as

24  being entitled to a refund, to apprise them of the following:   A reserve fund in the amount of

25  $14,000.00 shall be set aside for payment of Allowed Convenience Claims. Each Person holding

26  an Allowed Unsecured Claim in an amount equal to or less than $100.00, or holding an Allowed

Page 11 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  Unsecured Claim in excess of $100.00 who wishes to reduce such claim to $100.00, must elect

2  to assert such Allowed Convenience Claim on or before 90 days from the Effective Date by

3  following the process set forth below.

4          Distributions shall be made as follows:  (a) each Person holding an Allowed

5  Convenience Claim may elect to receive in complete settlement, satisfaction and discharge of its

6  Claim a cash payment equal to 20% of such Allowed Convenience Claim, such payment to be

7  made within 30 days of the date the election is received by the Liquidating Trustee; or (b)

8  alternatively, each Person holding an Allowed Convenience Claim may choose to receive a

9  certificate for medical services at the Redmond Facility or McMinnville Facility equivalent to

10  the greater of 50% of their Allowed Convenience Claim or $15.00.  An election to reduce an

11  Allowed Unsecured Claim is irrevocable and the Person who made such election may not seek

12  treatment or vote as a member of Class 4.  All Claimants holding Unsecured Claims that elect to

13  reduce their Class 4 Claims as described herein are members of Class 5 for voting and

14  distribution purposes. Notwithstanding anything to the contrary, no distribution shall be made on

15  any claim of less than $5.00.

16          The Class 5 claimants must provide the Liquidating Trustee with the Convenience

17  Claim election by either (1) going to the Redmond Facility or McMinnville Facility, showing

18  identification and receiving a certificate for medical services or refund; or (2) mailing a signed

19  copy of the letter, with a signature notarized requesting a certificate for medical services or

20  refund.  Any such election must be made within 90 days of the Effective Date or the claim shall

21  be deemed waived. Any letter making such election must be postmarked no later than the 90th

22  day following the Effective Date.

23          3.7      <u>Class 6 – Interest Holders</u>.

24          Class 6 consists of the Interests in the Debtor.  On the Effective Date, the Interests

25  of the Marshalls shall be cancelled and re-issued to the Liquidating Trust.  As of the Effective

26  Date, the sole member of Debtor shall be the Liquidating Trust.  The Marshalls shall receive no

Page 12 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  payment for their Interests. The membership unit shall be reissued to the Liquidating Trust for

2  the benefit of priority and unsecured claims.

3           3.8   Impairment of Classes.

4                  3.8.1   Unimpaired Classes.

5                  There are no unimpaired classes.

6                  3.8.2   Impaired Classes.

7                  Classes 1 through 6 are impaired by this Plan and the holders of such

8  Claims are entitled to vote to accept or reject this Plan.

9                  3.8.3   Confirmation Notwithstanding Rejection by a Class.

10        In the event that an impaired Class of Claims fails to accept this Plan in

11  accordance with Section 1129(a) of the Code, Proponents may request that the Court confirm

12  this Plan in accordance with Section 1129(b) of the Code.

13                          **ARTICLE IV**

14     **TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

15           4.1   Assumption.

16         The Trustee shall not assume any of the Debtor's executory contracts and

17  unexpired leases (including all amendments, extensions or renewals and replacements thereof).

18           4.2   Rejection.

19         All executory contracts and unexpired leases to which the Debtor is a party that

20  are not assumed by operation of Section 4.1 are rejected pursuant to the provisions of Code

21  Sections 365 and 1123(b)(2) except those which have been assumed by Court order prior to the

22  entry of the Confirmation Order.  Any claim for damages arising by reason of the rejection of

23  any executory contract or lease shall be treated as a Class 4 claim; any such claim shall be

24  disallowed unless proof of which is filed with the Court within sixty (60) days after the Effective

25  Date of the Plan or such claim shall be forever barred.  All such claims with respect to which a

26  proof of claim is timely filed will be treated as Class 4 Claims.

Page 13 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**ARTICLE V**

**MEANS FOR IMPLEMENTATION OF THE PLAN**

    5.1    <u>Post-Confirmation Operations</u>.

    After the Effective Date, the Reorganized Debtor shall operate its business subject to its obligations under this Plan, with all corporate powers allowed under applicable state law, without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) under such applicable law.  Except as otherwise expressly provided in this Plan, on the Effective Date the Reorganized Debtor will be vested with all of the property of its estate free and clear of all claims, liens, encumbrances, charges and other interests of creditors, and may operate its business free of any restrictions imposed by the Code or by the Court.

    The Reorganized Debtor will continue operations for a period of not less than 12 months following the Confirmation Date.  The precise duration of the Operating Period is within the discretion of the Liquidating Trustee, and the Liquidating Trustee shall exercise reasonable business judgment to determine when to sell Reorganized Debtor's business to a third party.

    5.2    <u>Liquidating Trust</u>

        5.2.1    <u>Transfer of Estate Assets to Debtor</u>.

    On the Effective Date, all assets of the Estate will vest in the Reorganized Debtor.

        5.2.2    <u>Issuance of Membership Interests to the Liquidating Trust</u>

    On the Effective Date, the Debtor's membership units will be issued in the name of the Liquidating Trust.  The Liquidating Trust shall be administered in accordance with the Liquidating Trust Agreement. A copy of the Liquidating Trust Agreement shall be filed with the Court prior to the Confirmation Hearing.

    5.3    <u>Management of Reorganized Debtor</u>.

        5.3.1    <u>Manager</u>.

    During the Operating Period the Reorganized Debtor will be managed by

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    the Manager.  The Manager shall continue to be Performance Improvement Resources, whose

2    management services were previously approved by the Court in this Case on the same terms as

3    provided for under its current contract for 180 days after the Effective Date. Thereafter, the

4    Liquidating Trustee shall have the right to select and employ a different manager.

5              5.3.2    Advisory Committee.

6              An Advisory Committee shall be appointed for Reorganized Debtor and

7    shall consist of the three (3) largest unsecured creditors, or their designee, who choose to serve.

8    The Advisory Committee shall meet quarterly with the Liquidating Trustee to review the

9    Reorganized Debtor's operations. The Advisory Committee will have authority to act as an

10    advisory board of directors, and shall have powers of oversight of the Liquidating Trustee and

11    Manager. The Liquidating Trustee shall have the powers and duties set forth in Section 5.3.3.

12              5.3.3    Liquidating Trustee Powers and Duties.

13              The Liquidating Trustee shall be empowered and directed to exercise such

14    powers which the Liquidating Trustee in his discretion deems reasonably necessary to effectuate

15    this Plan and to directly supervise the Manager. The Liquidating Trustee must obtain Advisory

16    Committee approval (by a majority vote of the Advisory Committee) for the following:

17                        (a)    The sale of the Business to a third party;

18                        (b)    Compromise of any Claims over $20,000.00;

19                        (c)    Compromise of any Avoidance Claims if the proposed

20    settlement in excess of $20,000.00;

21                        (d)    Capital expenditures over $10,000.00; and

22                        (e)    Relocation of Reorganized Debtor or opening of new

23                               business.

24              5.3.4    Liquidating Trustee Engagement.

25              Myers shall be engaged as Liquidating Trustee of the Liquidating Trust on

26    the Effective Date.  Myers shall receive compensation of $3,000.00 per month and shall serve as

Page 15 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    Liquidating Trustee until the Administrative Expense Claims are paid in full.  Upon payment of

2    the Administrative Expense Claims in full, (a) the Advisory Committee may choose to elect a

3    new Liquidating Trustee; or (b) Myers may resign as Liquidating Trustee by providing ten (10)

4    days notice to the Advisory Committee.  The full powers and duties of the Liquidating Trustee

5    shall be set forth in the Liquidating Trust Agreement.

6                        5.3.5    <u>Membership Interests</u>.

7                        On the Effective Date, the Interests of the Marshalls shall be cancelled and

8    re-issued to the Liquidating Trust, which shall be the Debtor's sole member.

9              5.4    <u>Leases</u>.

10                        5.4.1    <u>McMinnville Property</u>.

11                        Reorganized Debtor will enter into a lease with Keeton-King prior to the

12   Confirmation Date for tenancy in the McMinnville Property, which lease shall be fully

13   assignable to Buyer upon Sale of Business.

14                        5.4.2    <u>Redmond Property</u>.

15                        Reorganized Debtor will enter into a lease with David Mazzocco for

16   tenancy in the Redmond Property, which lease shall be fully assignable to Buyer upon Sale of

17   Business.

18              5.5    <u>Sale of Business</u>.

19                        It is anticipated that Reorganized Debtor's business shall be sold within 24-48

20   months, at the discretion of the Liquidating Trustee and Advisory Committee.  The Sale

21   Proceeds received upon Sale of Business shall be used to pay outstanding Claims as set forth in

22   Articles II and III.

23              5.6    <u>General Account</u>.

24                        The Debtor shall maintain its existing bank accounts, but following the Effective

25   Date, the reference to "debtor-in-possession" shall be removed. Such accounts shall be used to

26   pay all ordinary and necessary post-confirmation operating expenses of the Reorganized Debtor,

Page 16 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    including payment of the Manager and other Professional Persons' reasonable compensation.

2           5.7    <u>Retention of Avoidance Claims</u>.

3           Third Party Claims, if any, are retained.  Any recovery from claims against third

4    parties, after payment of any costs and expenses associated with such recovery, shall inure to the

5    benefit of the Reorganized Debtor.  Any holder of a claim against the Reorganized Debtor shall

6    automatically have such claim disallowed without further action by the Reorganized Debtor or

7    order of this court if the holder of a claim fails to repay Reorganized Debtor any sum that may be

8    recoverable by Reorganized Debtor under 11 U.S.C. §§ 522(f), 522(h), 542, 543, 544, 545, 547,

9    548, 549, 550, or 724(a) within ten (10) days of a final judgment in Reorganized Debtor's favor

10    against such claim holder, unless such creditor has posted a supersedeas bond for the entire

11    amount of Reorganized Debtor's judgment.

12           5.8    <u>Fees Payable Under 28 U.S.C. § 1930</u>.

13           All fees payable under 28 U.S.C. § 1930, as determined by the court, shall be paid

14    on or before the Effective Date.  All post-petition fees payable under 28 U.S.C. § 1930 shall be

15    paid when due.  Until the case is closed, the Debtor will provide quarterly statements of

16    disbursements to the U.S. Trustee.

17           5.9    <u>Continuation of Retiree Benefits</u>.

18           Retiree benefits, if any (and Trustee believes there are none), shall be continued

19    after the Effective Date without modification at the level established pursuant to 11 U.S.C. §

20    1114(e)(1)(B) for the duration of the period that the Debtor has obligated itself to provide such

21    benefits.

22           5.10    <u>Compliance with this Plan</u>.

23           The Debtor, creditors, and all other parties in interest shall take all actions

24    necessary to effectuate the terms of this Plan.

25

26

Page 17 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**ARTICLE VI**

**DISTRIBUTION PROCEDURES**

Distributions to be made by the Reorganized Debtor.

6.1    <u>Continued Expenses</u>.

Before and after the Effective Date, Debtor shall continue to make certain monthly and other payments, generally consisting of wages to its employees, materials costs, lease payments for the Redmond Property and McMinnville Property, and other operating and general business costs.

6.2    <u>Subsequent Distributions</u>.

Beginning on the Effective Date, the Reorganized Debtor will distribute to holders of Allowed Claims (a) periodic payments during the Operating Period; and/or (b) payment upon Sale of Business, based on the treatment afforded each particular Class of Claims under the Plan.

6.3    <u>Form of Payments</u>.

Distributions to be made by the Reorganized Debtor under the Plan will ordinarily be made by check drawn on a domestic bank.

6.4    <u>Delivery of Distributions</u>.

Distributions to be made by the Reorganized Debtor to holders of Allowed Claims pursuant to the Plan may be delivered by regular mail, postage prepaid, in an envelope addressed as directed in a request served on the Reorganized Debtor as provided in section 10.2 of the Plan, but if no such request is made, to the address shown in Debtor's bankruptcy schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009, or, if a different address is stated in a proof of claim duly filed with the Court, to such address.

6.5    <u>Time Bar to Cash Payments</u>.

Checks issued by the Reorganized Debtor with respect to Allowed Claims will become null and void if not negotiated within 90 days after the date of issuance thereof.

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  Requests for re-issuance of any check must be made to Debtor within 90 days following the date

2  of the Plan distribution pursuant to which the check was issued.  After such date, (i) the holder of

3  any such Claim who has failed to make a timely request for re-issuance of such a voided check

4  will not be entitled to any other or further distribution under the Plan on account of such voided

5  check or such Claim; and (ii) the Unclaimed Property held on account of such voided check or

6  such Claim shall be returned to the Reorganized Debtor.

7          6.6    <u>Minimum Distribution</u>.

8          If a distribution to be made to any holder of an Allowed Claim on any

9  Distribution Date, including the final Distribution Date, is $5.00 or less in the aggregate, then,

10  notwithstanding any contrary provision in the Plan, the Reorganized Debtor will not be obligated

11  to make such distribution to such holder unless a request therefore is made in writing to the

12  Reorganized Debtor in accordance with the notice provisions of section 10.2 of the Plan.

13  Distributions that are so withheld will become Available Cash.

14          6.7    <u>Post-Petition Interest</u>.

15          Except as specifically provided for in the Plan or in the Confirmation Order,

16  interest will not accrue on Claims and no holder of a Claim will be entitled to interest accruing

17  on or after the Petition Date on any Claim.  Interest will not accrue or be paid upon any Disputed

18  Claim in respect of the period from the Petition Date to the date a distribution is made thereon if

19  and after such Disputed Claim becomes an Allowed Claim.

20          6.8    <u>Disputed, Contingent and Unliquidated Claims</u>.

21          Trustee or Reorganized Debtor may dispute some of the Proofs of Claim filed in

22  the Bankruptcy Case even if the Debtor did not list the associated debt as disputed in his

23  bankruptcy schedules, as amended.  In addition, Trustee or Reorganized Debtor may dispute

24  some of the claims it listed on its bankruptcy schedules even if it did not list the associated debt

25  as disputed, contingent or unliquidated.  Notwithstanding any other provision of the Plan, no

26  Cash or other property will be distributed under the Plan on account of any Disputed Claim, or

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1   any Claim that is contingent or unliquidated, until such Claim becomes an Allowed Claim. From

2   and after the Effective Date, only Reorganized Debtor will have the right (except as to

3   applications or requests for allowances of compensation and reimbursement of expenses in favor

4   of professionals) to make and file objections to Claims. Within 90 days after the Effective Date,

5   unless such period is extended by Court order, all objections to Claims must be served and filed.

6   At such time as a Disputed Claim becomes an Allowed Claim, the holder of such Allowed Claim

7   will receive the distribution, if any, to which such holder is then entitled under the Plan as soon

8   as practicable after the Final Order of the Court allowing such Claim.

9          6.9    Post-Confirmation Date Fees and Expenses of Professional Persons.

10          After the Confirmation Date, Reorganized Debtor shall, in the ordinary course of

11   business and without the necessity for Court approval, pay the reasonable fees and expenses of

12   the Professional Person or entities it employs in connection with the implementation,

13   consummation and performance of the Plan or with other matters as to which such professionals

14   may be reasonably engaged, except all such professional fees and expenses to which Court

15   approval was previously required shall still be required for all such fees and expenses up through

16   the Confirmation Date.

17                       **ARTICLE VII**

18              **EFFECT OF PLAN CONFIRMATION**

19          7.1    Injunction.

20          Except as otherwise specifically provided in this Plan or in the Confirmation

21   Order, confirmation of the Plan shall act as a permanent injunction applicable to all entities

22   against (i) the commencement or continuation, including the issuance or employment of process,

23   of a judicial, administrative or other action or proceeding against the Debtor that was or could

24   have been commenced before the entry of the Confirmation Order, in each case on account of

25   any Claim (other than actions or proceedings brought to enforce any rights or obligations under

26   this Plan or appeals, if any, from the Confirmation Order or with respect to such Claims); (ii) the

Page 20 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    enforcement against the Debtor of any judgment, award, decree or order obtained before the

2    Petition Date, in each case on account of any Claim; (iii) any act to obtain possession of, or to

3    exercise control over, or to create, perfect or enforce a lien upon, any of the Property, on account

4    of any Claim; (iv) the assertion of any setoff, right of subrogation, reimbursement or recoupment

5    of any kind, directly or indirectly, against any obligation due the Debtor or the Estate on account

6    of any Claim; and (v) the exercise of any provision contained in any contract, lease or instrument

7    which is or was entered into or issued by the Debtor prior to the Petition Date and which is not

8    cancelled or rejected under the Plan that allows a Creditor to declare, or that declares, a default

9    based upon the filing of the petition in this Chapter 11 case, the insolvency or financial condition

10   of the Debtor or the subjective insecurity of such Creditor.

11       7.2    Binding Effect.

12       Except as otherwise specifically provided in this Plan or in the Confirmation

13   Order, on and after the Confirmation Date, the provisions of this Plan shall bind each Holder of a

14   Claim or Interest, and each of their respective successors, heirs, legal representatives and assigns,

15   whether or not the Claim or Interest of such Holder is impaired under this Plan and whether or

16   not such Holder has filed a proof of claim with the Court or has accepted this Plan.

17                                  **ARTICLE VIII**

18                                   **DEFAULT**

19       8.1    Default.

20       Except as otherwise provided in the Plan, in the event Debtor shall default in the

21   performance of any of its obligations under the Plan and Debtor fails to cure such default within

22   thirty (30) days after written notice delivered as set forth in paragraph 10.2 below, then a

23   claimant may pursue such remedies as are available at law or in equity.  An event of default

24   occurring with respect to one Allowed Claim shall not be an event of default with respect to any

25   other Allowed Claim.  Nothing contained in the Plan shall limit the right of any party to reopen

26   this case or to move to convert this case to a liquidation case under Chapter 7 of the Code if

Page 21 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    cause for such relief exists.

2    **ARTICLE IX**

3    **RETENTION OF JURISDICTION**

4          9.1    Jurisdiction.

5    Notwithstanding the entry of the order confirming the Plan, the court shall retain

6    jurisdiction of this chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. §

7    1127(b) and (a) to classify the claim of any creditor, reexamine claims which have been allowed

8    for voting purposes and determine any objection that may be filed to claims; (b) to determine

9    requests for payment of claims entitled to priority under 11 U.S.C. § 507(a)(1), including

10    compensation and reimbursement of expenses in favor of professionals employed at the expense

11    of the estate; (c) to avoid transfers or obligations and to subordinate claims under Chapter 5 of

12    the Code; (d) to approve the assumption, assignment or rejection of executory contracts and

13    unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and

14    disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and

15    enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and

16    contested matters pending or hereafter commenced in this chapter 11 case; and (h) to enter a final

17    decree closing this Chapter 11 case.

18    **ARTICLE X**

19    **MISCELLANEOUS**

20          10.1    Headings.

21    The headings in this Plan are for convenience of reference only and shall not limit

22    or otherwise affect meanings of the Plan.

23          10.2    Notices.

24    Unless otherwise agreed to between a creditor and Debtor or otherwise stated in

25    this Plan, all notices required or permitted to be made in accordance with the Plan shall be in

26    writing and shall be delivered personally or by regular or certified mail, return receipt requested.

Page 22 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    Notice to the Reorganized Debtor shall be made to Trustee, care of Peter C. McKittrick, c/o

2    Farleigh Wada Witt, 121 SW Morrison Street, Suite 600, Portland, Oregon 97204.  Notice to a

3    holder of an Allowed Claim shall be directed to the address set forth within its proof of claim

4    filed with the Court, or if none, to its address set forth in the schedules prepared and filed with

5    the Court, as amended.  Notices shall be deemed given upon delivery, if personally delivered,

6    and upon mailing, if mailed.  Any person may change the address at which such person is to

7    receive notices under the Plan by sending written notice, pursuant to the provisions of this

8    section, to the Debtor and any other person to be charged with knowledge of such change.

9         10.3    Reservation of Rights.

10        Neither the filing of the Plan nor any statement nor provision contained herein,

11   nor the taking by any creditor of any action with respect to the Plan, shall, until the Effective

12   Date, (a) be or be deemed to be an admission against interest and (b) be or be deemed to be a

13   waiver of any rights any creditors may have against Debtor or any of its assets or any other

14   creditor, and, until the Effective Date, all such rights are specifically reserved.  In the event that

15   the Effective Date cannot be determined, neither the Plan nor any statement contained herein

16   may be used or relied upon in any manner in any suit, action, proceeding or controversy within

17   or without this Chapter 11 case involving Debtor.

18        10.4    Computation of Time Periods.

19        In computing any period of time prescribed or allowed by this Plan, the day or

20   month of the act, event or default from which the designated period of time begins to run shall

21   not be included.  The last day or month of the period so computed shall be included.  In the event

22   that the last day is a Saturday, Sunday, or legal holiday, then the period shall run until the end of

23   the next day that is not a Saturday, Sunday, or legal holiday.

24        10.5    Creditor's Change of Address.

25        Any creditor who fails to notify Debtor in writing of that creditor's change of

26   address, with the result that Debtor's communications to the creditor are returned by the United

Page 23 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1   States Postal Service for insufficient or improper address, shall forfeit that creditor's rights to

2   distributions made during the time of such failure, but will be entitled to amounts to be

3   distributed after notifying Debtor of the new or corrected address.  Debtor need not distribute

4   property unclaimed within three (3) months of the final distribution.

5          Dated: December 16, 2009.

6
                                    FARLEIGH WADA WITT
7

8

9                                   By: /s/ Peter C. McKittrick_____
                                        Peter C. McKittrick, OSB #852816
10                                      PMcKittrick@fwwlaw.com
                                        Christopher L. Parnell, OSB #054352
11                                      CParnell@fwwlaw.com
                                        (503) 228-6044
12                                      Of Attorneys for Conrad Myers, Chapter 11
                                        Trustee
13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 24 – TRUSTEE'S PLAN OF REORGANIZATION

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1              **CERTIFICATE OF SERVICE**

2              I hereby certify that on December 16, 2009 I served the foregoing **TRUSTEE'S**

3   **PLAN OF REORGANIZATION** on the following parties _via electronic notification, e-mail,_

4   _facsimile or by depositing a true copy thereof, contained in a sealed envelope, with first-class_

5   _postage prepaid_, addressed to said parties at the last known address shown below and in the U.S.

6   mail at Portland, Oregon:

7        F. Gordon Allen                      Leon Simson
         James Ray Streinz                    Tonkon Torp
8        McEwen Gisvold LLP                   1600 Pioneer Tower
         1100 SW 6th Ave Ste 1600             888 S.W. Fifth Avenue
9        Portland OR  97204                   Portland, Oregon 97204
         _Electronic Notification_            _Electronic Notification_
10
         Robert L. Carlton                    Alex Poust
11       1000 SW Broadway, Ste. 1400          Schwabe Williamson Wyatt
         Portland, OR 97205                   1211 SW Fifth Avenue, Suite 1900
12       _Electronic Notification_            Portland, OR  97204
                                              _Electronic Notification_
13
         Gary U. Scharff                      James Ray Streinz
14       621 SW Morrison St., Ste. 1300       McEwen Gisvold LLP
         Portland, OR 97205                   1100 SW 6th Ave Ste 1600
15       _Electronic Notification_            Portland OR  97204
                                              _Electronic Notification_
16
         Jeanette Thomas                      US Trustee, Portland
17       Perkins Coie                         620 SW Main St., Ste. 213
         1120 SW Couch 10th Fl.               Portland, OR 97205
18       Portland, OR 97209                   _Electronic Notification_
         _Electronic Notification_
19
         Laura J. Walker                      Advantage Nurse Staffing, Inc.
20       Cable Huston Benedict et al.         Attn: Michael Montana, President
         1001 SW Fifth Ave., Suite 2000       16420 SE McGillivray Blvd., Ste. 103-251
21       Portland, OR  97204-1136             Vancouver, WA 98683
         _Electronic Notification_            _First Class Mail_
22
         Bankruptcy Administration            Randy McCreith
23       IKON Financial Services              207 NE 19th St., Ste. 100
         1738 Bass Rd.                        McMinnville, OR 97128
24       PO Box 13708                         _First Class Mail_
         Macon, GA  31208-3708
25       _First Class Mail_

26

Page  1 – CERTIFICATE OF SERVICE

_FARLEIGH WADA WITT_
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    Conrad Myers                          Miles Newmark
     6327 SW Capital Hwy., Ste. 222        621 SW Morrison St., #720
2    Portland, OR 97239                    Portland, OR 97205
     *First Class Mail*                    *First Class Mail*
3
     The Marshall Group, LLC               Sanofi Pasteur Inc
4    PO Box 887                            Attn Paul C Izcavazzi Sr
     McMinnville, OR 97128                 Discovery Dr Bldg 60
5    *First Class Mail*                    Swiftwater, PA 18370
                                           *First Class Mail*
6
     H.E. Winters
7    1828 Shimoyamaguchi
     Hayama Machi
8    Kanagawa Ken
     Japan
9    *First Class Mail*

10           Dated: December 16, 2009.

11                                         FARLEIGH WADA WITT

12

13                                         By: /s/ Christopher L. Parnell
                                               Christopher L. Parnell, OSB #054352
14                                             (503) 228-6044
                                               cparnell@fwwlaw.com
15                                             Attorneys for Chapter 11 Trustee

16

17

18

19

20

21

22

23

24

25

26

Page  2 – CERTIFICATE OF SERVICE

H:\Client\Myersc\33286\Service\COS - Master.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741